# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MARIE LYNN BELVAL, | ) |
| Plaintiff, | ) Case No. 2:16-cv-00893-JCM-GWF |
| vs. | ) **ORDER** |
| WALGREEN'S, *et al.*, | ) Application to Proceed *in Forma Pauperis* (ECF No. 1) and Screening of Complaint (ECF No. 1-1) |
| Defendants. | ) |

This matter comes before the Court on Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 1), filed on April 19, 2016.

## BACKGROUND

In general, Plaintiff's complaint is not entirely clear. The claims in Plaintiff's complaint appear to stem from an alleged incident where a "Hot and Cold" pack purchased by Plaintiff burst causing Plaintiff to suffer severe burns to her "leftside, anterior chest wall, 4" x 4" big." *Complaint* (ECF No. 1-1), 2:26-27. Based on this incident, Plaintiff appears to be alleging a claim for products liability against Walgreens. After this alleged incident Plaintiff sought treatment at Desert Springs Hospital and Sunrise Medical Center, where she argues that she was not properly treated for her burns and therefore asserts claims against those facilities as well as Robert Musni, M.D. for medical malpractice. In addition to her medical malpractice claims against Sunrise Medical Center, Plaintiff asserts that it is "functioning as [a] terrorist criminal racketeering organization" because it apparently allowed a man and a seven year old child to stalk her and threaten her safety. *Id.* at 6:25.

In addition to these allegations, Plaintiff also asserts claims for "federal kidnaping" against Desert Parkway Behavioral Hospital, who Plaintiff claims illegally committed her to the psychiatric ward for treatment in March 2016. It also appears that Plaintiff is asserting the same claim against

Sunrise Hospital for an alleged commitment that occurred in or around October 2014. It also appears that Plaintiff is asserting claims against the Las Vegas Metropolitan Police Department for violations of her civil rights and liberties stemming from incidents that occurred after Plaintiff was burned.

Since filing her initial complaint, Plaintiff has also filed four separate motions to amend complaint. (*See* ECF Nos. 6, 8, 13, and 20). Three of Plaintiff's motions seek to add additional parties for events that are entirely unrelated to her claims arising from her initial burn injury. For instance, Plaintiff seeks to add Wells Fargo and Bank of America for "federal banking violations." (*See* ECF Nos. 6 and 8). She also seeks to add Siegel Suites and/or Sierra Vista Square Apartments asserting that they own an apartment complex, that they have failed to fix the fire extinguishers, that Siegel Suites is illegally collecting Plaintiff's monthly rent, and that they are allowing terrorists to attack her. (*See* ECF No. 8). In addition Plaintiff wishes to add T-Mobile to her complaint and asserts claims of fraud, deceit, and "interruptions of Federal PUC connection." *Motion to Amend* (ECF No. 20), pg. 1.

## DISCUSSION

### I. Application to Proceed In Forma Pauperis

Plaintiff filed this instant action and attached a financial affidavit to her application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

### II. Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to

relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

        Federal district courts are courts of limited jurisdiction, deriving their power to hear cases from specific congressional grants of jurisdiction. *United States v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000).  Limited jurisdiction means that federal courts (1) possess only that power authorized by the Constitution or a specific federal statute and (2) do not have jurisdiction over a matter simply because the alleged wrong occurred in the same city, county, or state in which the court sits. *See* U.S. Const. art. III, § 2, cl. 1.  Generally, subject matter jurisdiction may derive from diversity of the parties, which are "civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between citizens of different States," or from claims involving a federal question, which are "civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331; 28 U.S.C. § 1332.

        Rule 8(a)(1) of the Federal Rules of Civil Procedure states that a "claim for relief must contain ... a short plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).  The burden of proving jurisdiction rests on the party asserting jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp*. 298 U.S. 178, 182-83 (1936).  Plaintiff states the following grounds as the basis for this Court's jurisdiction over her claims:

> 1. FEDERAL VIOLATIONS ON PRODUCTS LIABILITY CASE, CAUSING MEDICAL PRACTICE BEING DONE MY [sic] ALL Medical Practitioners.
> 2. violation of CIVIL RIGHTS AND LIBERTIES TO USE LAS VEGAS METROPOLITAN POLICE DEPARTMENT: IC COMMITTING POLICE MALPRACTICE AND TAMPERING WITH COURT DOCUMENTS WHEN BEING STALKED BY A

TERRORIST SUSPECT: NO INVESTIGATION.

Merely placing the term "federal" before a cause of action is not enough to invoke the Court's federal question jurisdiction. Plaintiff is required to demonstrate what specific constitutional provisions or statutes have been violated. She has not done so here. For instance, Plaintiff's claims for product liability may fall within the confines of the Consumer Product Safety Act codified in 15 U.S.C. §§ 2051-2083, a different federal statute, or they may arise solely under state product liability law. Plaintiff has not cited to a specific federal statute under which she seeks to bring her claims against Walgreens for product liability and it is not the Court's role to determine under which statutes Plaintiff should bring her claims. This is also the case with the remainder of Plaintiff's claims. In addition, Plaintiff fails to, and likely cannot, demonstrate that the Court has subject matter jurisdiction. In order to do so Plaintiff would have to allege that there is complete diversity between the parties (i.e. that Plaintiff is a citizen of a state, say Nevada, and that none of the defendants are also a citizen of that state) and that the amount in controversy exceeds $75,000.

Further, from review of her Complaint, it appears that Plaintiff may be attempting to allege a civil rights violations pursuant to 42 U.S.C. § 1983. To have a claim under § 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Once the plaintiff alleges that his or her federal rights have been violated, then a plaintiff must show that those rights were violated by a person acting under *color of state* law. Persons acting under color of state law typically include officials who in some capacity represent either the state, city or county government. *See Monroe v. Pape*, 365 U.S. 167 (1961), *partially overruled on other grounds by Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 663 (1978). For purposes of bringing a § 1983 claim, under relatively narrow and specific circumstances, a "person" can also include a municipality such as a town, city, or one of its bodies such as the police or fire department. *Monell*, 436 U.S. at 663.

If Plaintiff elects to proceed in this action by filing an amended complaint, she is informed that the court cannot refer to a prior pleading in order to make her amended complaint complete.

Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Valdez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011); *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff is advised that litigation will not commence upon the filing of an amended complaint. Rather, the Court will need to conduct an additional screening of the amended complaint pursuant to 28 U.S.C. § 1915(e). If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint be **dismissed** without prejudice with leave to amend. Plaintiff shall have until **February 21, 2017** to file an amended complaint if she believes she can correct the noted deficiencies. Failure to comply with this Order will result in the dismissal of this action.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Complaint (ECF Nos. 6, 8, 13, and 20) are **denied**. If Plaintiff chooses to file an amended complaint she shall include all parties and claims against them at that time.

DATED this 20th day of January, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge