UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| MARIE LYNN BELVAL, | Case No. 2:16-CV-893 JCM (GWF) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| WALGREEN'S, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Marie Lynn Belval's *pro se* emergency motion for a temporary restraining order. (ECF No. 33). Plaintiff requests that this court enjoin defendant Siegel Suites Inc. from evicting plaintiff and from violating Nevada's public accommodations laws. (*Id.*).

**I.     Facts**

On February 16, 2017, plaintiff filed a *pro se* amended complaint in this court against Walgreen's [sic], Sunrise Medical Center, Desert Springs Hospital Medical Center, Dr. Robert Musni, Las Vegas Metropolitan Police Department, Siegel Suites, Inc., Sierra Vista, and Wells Fargo Bank of Nevada. (ECF No. #27). In the complaint, plaintiff asserts six causes of action, which are best characterized as (1) negligence against Walgreens; (2) false imprisonment against Sunrise Hospital Medical Center; (3) false imprisonment against Desert Springs Hospital Medical Center; (4) medical malpractice against Dr. Robert Musni; (5) "federal banking violation" against Wells Fargo; and (6) negligence against Siegel Suites, Inc. (ECF No. 27 at 5).

In the amended complaint, plaintiff alleges that defendant Siegel Suites, Inc. is attempting to murder her. (*Id.*) Plaintiff states that she was ordered into the bathroom three times, presumably by the defendant's employees, and that the bathroom holds one person on the toilet. (*Id.*)

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

Under Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. Fed. R. Civ. P. 65. "Injunctive relief is an extraordinary remedy and it will not be granted absent a showing of probable success on the merits and the possibility of irreparable injury should it not be granted." *Shelton v. Nat'l Collegiate Athletic Assoc.*, 539 F.2d 1197, 1199 (9th Cir. 1976).

## III. Discussion

Plaintiff fails to demonstrate a likelihood of success on the merits of her claims. Plaintiff's motion is filed *pro-se*, and must be construed liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed…"). However, "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

Plaintiff's motion for temporary restraining order is deficient in multiple respects. Most importantly, it is unintelligible and contradictory. Further, plaintiff's motion contains no citations or references to governing laws. This court cannot distill from plaintiff's complaint or from plaintiff's motion a claim upon which relief could plausibly be granted, much less a likely success on the merits of any such claim. Thus, injunctive relief is improper. *See Shelton*, 539 F.2d at 1199.

## IV. Conclusion

As plaintiff fails to demonstrate a likelihood of success on the merits, this court will not issue a temporary restraining order in this case.

. . .

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    Accordingly,

2    IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's emergency
3    motion for a temporary restraining order (ECF No. 33) be, and the same hereby is, DENIED.
4    DATED August 11, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -