# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARIE LYNN BELVAL,

    Plaintiff,

vs.

WALGREEN'S, *et al.*,

    Defendants.

Case No. 2:16-cv-00893-JCM-GWF

**ORDER AND REPORT AND RECOMMENDATION**

## BACKGROUND

This matter is before the Court on the screening of Plaintiff's Amended Complaint (ECF No. 27). Plaintiff was granted *in forma pauperis* status on January 20, 2017. *See Screening Order* (ECF No. 25). Also before the Court is Plaintiff's Motion for Relief (ECF No. 34) filed on August 10, 2017, Plaintiff's Motion for Entry of Clerk's Default (ECF No. 38) filed on November 3, 2017 and Plaintiff's Motion for Defendant's Name Change (ECF No. 40) filed on November 21, 2017.

Plaintiff filed an application to proceed *in forma pauperis* and proposed complaint on April 19, 2016. ECF No. 1. From what the Court could discern, Plaintiff was attempting to assert a products liability claim against Walgreens for an allegedly defective "hot and cold" pack. Plaintiff was also attempting to assert claims of "federal kidnapping" against Sunrise Hospital and Desert Parkway Behavioral Hospital; claims of civil rights violations against Las Vegas Metropolitan Police Department; claims for "federal banking violations" against Wells Fargo and Bank of America; claims of fraud against T-Mobile; and claims against Seigel Suites for allegedly illegally collecting Plaintiff's monthly rent. The Court issued its screening order on January 20, 2017. *Screening Order* (ECF No. 25). There, the Court found that Plaintiff had failed to demonstrate that this Court had

jurisdiction over her claims. *Id.* The Court dismissed Plaintiff's complaint without prejudice and gave her leave to amend the noted deficiencies.

## **DISCUSSION**

### I. Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Federal district courts are courts of limited jurisdiction, deriving their power to hear cases from specific congressional grants of jurisdiction. *United States v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000). Limited jurisdiction means that federal courts (1) possess only that power authorized by the Constitution or a specific federal statute and (2) do not have jurisdiction over a matter simply because the alleged wrong occurred in the same city, county, or state in which the court sits. *See* U.S. Const. art. III, § 2, cl. 1. Generally, subject matter jurisdiction may derive from diversity of the parties, which are "civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between citizens of different States," or from claims involving a federal question, which are

"civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331; 28 U.S.C. § 1332.

Plaintiff's amended complaint suffers from the same deficiencies as her first—she failed to demonstrate that this Court has subject matter jurisdiction over her claims. First, Plaintiff failed to (and likely cannot) assert diversity jurisdiction.[1] Second, Plaintiff has not invoked the Court's federal question jurisdiction. Plaintiff has not cited to a specific federal statute under which she seeks to bring her claims against Walgreens for products liability nor has she stated what legal theory she posits her claims under. It is not the Court's role to determine under which statutes Plaintiff should bring her claims or what legal theory is appropriate. Plaintiff's claims for products liability may fall within the confines of the Consumer Product Safety Act codified in 15 U.S.C. §§ 2051-2083, a different federal statute, or they may arise solely under state products liability law. Plaintiff may argue that the Walgreens product was defective under a theory of strict products liability or negligence. Plaintiff's amended complaint simply states that she suffered a "severe" injury to her body with "psychological damages and skin damages."[2] *Amended Complaint* (ECF No. 27), pg. 4.

Plaintiff also attempts to assert federal question jurisdiction by arguing the Sunrise Hospital and Desert Spring Hospital committed "federal kidnapping" and "federal imprisonment." Kidnapping is defined in 18 U.S.C. § 1201. Section 1201, by its own terms, does not create a private cause of action and "[c]ivil causes of action ... do not generally lie under the criminal statutes contained in [Title 18]." *Del Elmer; Zachay v. Metzger*, 967 F.Supp. 398, 403 (S.D.Cal.1997). Therefore, "federal kidnapping" and "federal imprisonment" do not form the basis of federal question jurisdiction.

Next, Plaintiff argues that the Court has jurisdiction over her claims because Defendants Wells Fargo Bank and U.S. Bank have allegedly committed "federal banking violations." Again,

---

[1] Diversity jurisdiction exists when there is complete diversity between the parties (i.e. that Plaintiff is a citizen of a state and that none of the defendants is also a citizen of that state) and that the amount in controversy exceeds $75,000.

[2] The Court advised Plaintiff in its screening order that her amended complaint needed to be complete in and of itself and that the Court would not refer to other pleadings. *Screening Order* (ECF No. 25); *See also Valdez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011); *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Therefore, the Court cannot refer to Plaintiff's original complaint for additional facts relating to Plaintiff's claim against Walgreens.

3

Plaintiff failed to identify what federal laws were allegedly violated and failed to show that those laws provide a private right of action.

Plaintiff additionally argues that federal question jurisdiction exists based on what appears to be a landlord-tenant issue with Siegel Suites. Landlord-tenant disputes are matters of state law and as such, they cannot form the basis for federal question jurisdiction. *Round Valley Indian Hous. Auth. v. Hunter*, 907 F. Supp. 1343, 1348 (N.D. Cal. 1995); *Evans v. Sentry Property Management Corp.*, 852 F. Supp. 71 (D. Mass. 1994) ("A tenant's claims arising out of a landlord-tenant relationship were state law claims not subject to removal under federal question jurisdiction, even if the housing authority received federal funding."); *See also In re Silvies River*, 199 F. 495 (D. Or. 1912). Because landlord-tenant matters are not properly brought in federal court, the Court will recommend that Plaintiff's claims against Seigel Suites be dismissed. Plaintiff is advised to bring her claims against Siegel Suites in state court.

Finally, Plaintiff attempts to assert claims against the Las Vegas Metropolitan Police Department. Once again, Plaintiff fails to provide the Court will a legal theory for her claims. It appears that Plaintiff may be attempting to allege a civil rights violations pursuant to 42 U.S.C. § 1983. To have a claim under § 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Once the plaintiff alleges that his or her federal rights have been violated, then a plaintiff must show that those rights were violated by a person acting under *color of state* law. Persons acting under color of state law typically include officials who in some capacity represent either the state, city or county government. *See Monroe v. Pape*, 365 U.S. 167 (1961), *partially overruled on other grounds by Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 663 (1978). For purposes of bringing a § 1983 claim, under relatively narrow and specific circumstances, a "person" can also include a municipality such as a town, city, or one of its bodies such as the police or fire department. *Monell*, 436 U.S. at 663.

The Court will allow Plaintiff one more opportunity to amend her complaint and demonstrate

that this Court has jurisdiction over her claims. Failure to do so, however, will result in a recommendation to the District Judge that this matter be dismissed with prejudice. Plaintiff is once again advised that her second amended complaint must be complete in and of itself and the Court will not refer to any other pleading. Once Plaintiff files a second amended complaint, the original pleadings no longer serves any function in the case. Plaintiff is further advised that litigation has not yet and will not commence upon the filing of a second amended complaint. Rather, the Court will need to conduct an additional screening of the amended complaint pursuant to 28 U.S.C. § 1915(e).

At this juncture, the Court has not allowed Plaintiff's complaints to be filed and has not issued summons for the Defendants. Therefore, the Defendants have not yet been served with process and as a result, they are not yet required to answer to Plaintiff's claims. Thus, Plaintiff's requests for various relief relating to the alleged "default" of the Defendants are premature.

**IT IS HEREBY ORDERED** that Plaintiff's Amended Complaint is **dismissed** without prejudice with leave to amend. Plaintiff shall have until **January 5, 2018** to file a second amended complaint if she believes she can correct the noted deficiencies. Failure to comply with this order will result in the dismissal of this action.

**IT IS FURTHER ORDERED** that Motion for Relief (ECF No. 34) is **denied**.

**IT IS FURTHER ORDERED** that Motion for Entry of Clerk's Default (ECF No. 38) is **denied**.

**IT IS FURTHER ORDERED** that Motion for Defendant's Name Change (ECF No. 40) is **denied**.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's claims against Siegel Suites be **dismissed** with prejudice for Plaintiff's failure to demonstrate that the Court has subject matter jurisdiction over her claims.

DATED this 6th day of December, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).